# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>        Plaintiff,<br><br>vs.<br><br>GEMINI INSURANCE CO. et al.,<br><br>        Defendants. | 2:13-cv-02211-RCJ-PAL<br><br>**ORDER** |

Plaintiff Insurance Company of the State of Pennsylvania sued three Defendants in diversity in this Court, seeking several declarations as to the parties' rights and responsibilities under excess liability insurance policies, as well as monetary damages under theories of equitable subrogation and indemnity. The only Defendant to have been served has now asked the Court to abstain or to dismiss for failure to join an indispensable party. For the reasons given herein, the Court dismisses the case as unripe and denies the present motion as moot.

## I.  FACTS AND PROCEDURAL HISTORY

In two ongoing state court actions, homeowner associations have sued their respective developers for construction defects. (*See* Compl. ¶¶ 11, 26, Dec. 2, 2013, ECF No. 1). Those developers are insureds of Plaintiff Insurance Co. of the State of Pennsylvania ("ICSOP") and Defendant Gemini Insurance Co. ("Gemini"); Gemini is their primary insurer, and ICSOP is their

1  secondary (excess) insurer. (*See id.* ¶¶ 12, 18, 27, 32).  Gemini's primary policy has a $2,000,000

2  limit and a $100,000 "self insured retention" ("SIR").  Although ICSOP is adamant that the SIR

3  is "not a deductible," it appears to function as one, as ICSOP has described it in the Complaint,

4  and ICSOP has noted that Gemini has referred to the amount as a deductible in communications

5  to its insureds. (*See id.* ¶¶ 14, 18).  ICSOP alleges that the SIR clause reads in relevant part, "Our

6  obligation under the policy to the insured applies only to the amount excess [sic] of the Self

7  Insured Retention. . . . [T]he first named insured shall have the obligation and is ultimately

8  responsible for paying the Self Insured Retention." (*See id.* ¶ 43).  The SIR therefore appears to

9  function like a deductible.  In summary, Gemini, as the primary insurer, is liable for up to

10  $2,000,000 beyond the first $100,000 per occurrence, and ICSOP, as the secondary insurer, is

11  ultimately liable for any amount beyond $2,100,000, not to exceed $8,000,000.  ICSOP appears

12  aggrieved that Gemini has been improperly interpreting the term "occurrence" in its own policies

13  too narrowly, and therefore improperly "eroding" the primary coverage, such that Gemini's

14  insureds are more likely to have to invoke their secondary policies with ICSOP.

15    ICSOP sued Gemini in diversity in this Court for a declaration as to the proper

16  interpretation of Gemni's policies with its insureds and as to Gemini's rights and duties under its

17  policies with its insureds.  It also seeks subrogation or indemnity.  ICSOP joined two insureds as

18  defendants but has not served them.  The Court denied ICSOP's motions for offensive summary

19  judgment filed before the Clerk had even issued any summonses.  Gemini has asked the Court to

20  abstain or dismiss for failure to join indispensable parties.

21  **II. DISCUSSION**

22    This case is simply unripe.  Plaintiff does not allege that it is Defendant's reinsurer and

23  that there is a live controversy as to the interpretation of a putative reinsurance contract between

24  it and Defendant.  Plaintiff alleges only that Defendant is the primary insurer of certain insureds,

25  that Plaintiff is a secondary (excess) insurer of those same insureds, and that Plaintiff suspects

Defendant is implementing its primary policies in a way that improperly erodes the insureds' primary coverage, thereby potentially exposing Plaintiff to higher claims from those insureds that would not arise if Defendant were to properly interpret and apply the primary policies. Critically, Plaintiff does not allege anywhere in the Complaint that any of the insureds have made any demands under the secondary policies as a result or even that such demands are imminent, as opposed to hypothetical. *See Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998).[1] Plaintiff essentially asks the Court to issue an advisory opinion as to how the Court would rule if some of the insureds were to make such demands. The Court cannot issue such an opinion. *See, e.g., Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) (collecting cases).

## CONCLUSION

IT IS HEREBY ORDERED that the case is DISMISSED without prejudice as unripe.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 28, 41) are DENIED as moot.

IT IS SO ORDERED.

Dated this 17th day of April, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[1] Plaintiff alleges in the Complaint that the plaintiff homeowner associations in state court each seek more from the respective insureds than the $2,000,000 limit under Defendant's primary policies with those insureds, such that Defendants' improper application of the SIR could result in Plaintiff's improper exposure under its secondary policies with those same insureds. But Plaintiff notes in response to the present motion that it has voluntarily contributed to settlements in the state court cases such that there is no longer any chance that Plaintiff could be held liable under its secondary policies as to those insureds against its will. Plaintiff has not even served those two indispensable parties (the insureds), but even if it had, the fact that those insureds have settled their cases means that the only thing Plaintiff seeks to obtain in the present case is an *in vacuo* declaration as to the policy language untied to any case or controversy.